UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>LYLAH REYES et al.,<br><br>  Defendants. | Case No.:  22cv1463-L-AGS<br><br>**ORDER DENYING JOINT MOTION TO SEAL**<br><br>**[ECF No. 26]** |

Pending before the Court is Joint Motion to Seal the Parties' Joint Motion to Dismiss and Related Order (ECF No. 26, "Mot. to Seal").  The parties in this interpleader action have entered into a confidential settlement agreement.  They request to file under seal their entire joint motion to dismiss and the anticipated future order granting it.  For the reasons which follow, the Motion to Seal is denied without prejudice to refiling as stated herein.

Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978).[1]  Aside from "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a strong presumption

---

[1] Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted.

1

applies in favor of public access to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access by meeting the "compelling reasons" standard. *Id.* at 1178. The compelling reasons standard applies to documents filed in relation to any motion except a motion that is only "tangentially related to the merits of a case." *Ctr for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). "Under this exception, a party need only satisfy the less exacting 'good cause' standard" under Federal Rule of Civil Procedure 26(c). *Id.* at 1097.

The parties seek dismissal because they have reached a settlement. Although their joint motion to dismiss would dispose of this action, it does not address its merits or assist the public in the understanding of the judicial process. *See Ctr for Auto Safety*, 809 F.3d at 1096. Accordingly, the Court considers the Motion to Seal under the good cause standard.

Rule 26(c) permits sealing a document for good cause to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense." "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1130 (9th Cir. 2003). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Motion to Seal is based entirely on the agreement to keep the settlement confidential. Agreement of the parties alone is insufficient to warrant sealing even under the less stringent good cause standard. *See San Jose Mercury News, Inc. v. U.S. Dist. Ct. (Saldivar)*, 187 F.3d 1096, 1103 (9th Cir. 1999); *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992); *Confederated Tribes of Siletz Indians of Or. v. Weyerhaeuser Co.*, 340 F. Supp. 2d 1118, 1121 (D. Or. 2003). Moreover, upon review of the document proposed to be sealed, the Court finds that a large portion of the document states facts already in the public record.

For the foregoing reasons, the Motion to Seal is denied. The parties may refile the motion provided they address the relevant legal standard and narrow their request to those portions of the document which meet the standard.

**IT IS SO ORDERED.**

Dated: May 5, 2023

_____
Hon. M. James Lorenz
United States District Judge